**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Ostler, | |
| Plaintiff, | No. CV-15-08026-PCT-PGR |
| vs. | |
| Keith Sego, et al., | ORDER |
| Defendants. | |

Pending before the Court is Defendants Keith and Rita Sego's Motion for Summary Judgment (Doc.35), wherein they seek judgment as to the entirety of the plaintiff's complaint, and Plaintiff's Cross-Motion for Summary Judgment (Doc. 41), wherein she seeks judgment as to Court IV of her complaint.  Having considered the parties' memoranda, the Court finds that the plaintiff's cross-motion should be denied, and that the defendants' motion should be granted pursuant to Fed.R.Civ.P. 56 because there is no genuine dispute as to any material fact and the defendants are entitled to entry of judgment as a matter of law.[1]

---

[1]  Although the parties have requested oral argument, the Court concludes that oral argument would not aid the decisional process.

Background[2]

This diversity-based removed action arises from an accident inside a fenced-in dog run in a RV park in which the defendants' dog ran into the plaintiff causing her to fall and be injured.   Notwithstanding the parties' inexplicable failure to authenticate their summary judgment-related exhibits, the Court considers the following facts to be either undisputed or at least not controverted for purposes of the summary judgment motions: the plaintiff and defendant Rita Sego and their respective dogs were inside the "big dog" run at the RV park at the time the defendants' dog injured the plaintiff; the defendants' dog was playing off-leash at the time of the accident; the dog run is enclosed by a chain link fence and is between 75 and 100 feet long and is much longer than it is wide; the dog run has a dual gate system in which entry is made into the fenced area through an initial gate and then into the dog run itself through a second gate; and dogs cannot enter or leave the dog run by themselves.

Although the plaintiff's state court complaint contained four claims under Arizona law, and the defendants have moved for summary judgment on all of them, the plaintiff, in her response/cross-motion (Doc. 41, at 3), withdrew all but her fourth claim, wherein she alleges a claim for strict liability pursuant to A.R.S. § 11-1020.[3] Section 11-1020 provides that "[i]njury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or

---

[2]

Because the parties are familiar with the facts of the case, the Court references only those facts necessary to explain its decision.

[3]

The withdrawn claims are for negligence (Count I), strict liability pursuant to A.R.S. § 11-1014(A)(2) [sic - § 11-1014.01(A)(2)] (Count II), and strict liability pursuant to A.R.S. § 11-1012(D) (Count III).

persons responsible for the dog when such damages are inflicted."  A.R.S. § 11-1001(2) defines "at large" for purposes of § 11-1020 as meaning "being neither confined by an enclosure nor physically restrained by a leash."

Discussion

The parties agree that the only issue that the Court needs to decide in order to resolve the summary judgment motions is whether the defendants' dog was "confined by an enclosure" at the time it injured the plaintiff.   The Court concludes as a matter of law that it was so confined.

The parties disagree as to what the phrase "confined by an enclosure" means. Under Arizona law, the interpretation of a statute is a matter of law. Barry v. Alberty, 843 P.2d 1279, 1281 (Ariz.App.1992).  The Court's goal in construing a statute is to give effect to the intent of the state's legislature, which requires that the Court apply the usual or commonly understood meaning to each word or phrase in the statute unless the legislature clearly intended a different meaning. Spirlong v. Browne, 336 P.3d 779,  782 (Ariz.App.2014); Canon School Dist. No. 50 v. W.E.S. Construction Co., 869 P.2d 500, 503 (Ariz.1994) ("[W]here the language [of a statute] is plain and unambiguous, courts generally must follow the text as written. ... Accordingly, absent a clear indication of legislative intent to the contrary, we are reluctant to construe the words of a statute to mean something other than what they plainly state.") To determine the plain meaning of a term, courts refer to established and widely used dictionaries. Western Corrections Group, Inc. v. Tierney, 96 P.3d 1070, 1074 (Ariz.App.2004).  The defendants argue, and the Court agrees, that they cannot be liable to the plaintiff pursuant to § 11-1020 because their dog was not "at large" because it was "confined by an enclosure" at the time of the accident.  The dog run in which the defendants' dog was playing at the time of the accident, being fully

fenced-in with a dual gate opening, constitutes an enclosure under the ordinary dictionary meaning of the word and the defendants' dog, being unable to leave that enclosure on its own, was confined within that enclosure at the time of the accident.

Such an interpretation does not, as the plaintiff argues, violate the intent of §11-1020 by ending responsible dog ownership at the gates off a dog park.  The plaintiff's contention that the exceptions to § 11-1020 liability set forth by § 11-1001(2) "require that the dog be limited, confined, and under the physical control of the owner" is not supported by the plain language of § 11-1001(2).  Being "confined by an enclosure" and being "restrained by a leash" are two separate exceptions to the "at large" requirement of § 11-1020.  *See* Kaweske v. DeRosa, 2016 WL 3457898, at *3 (D.Ariz. June 24, 2016) (In an action by a plaintiff who was injured by the defendants' unleashed dog inside a fenced-in dog park, the court noted that the sole issue on summary judgment regarding the plaintiff's claim for strict liability pursuant to § 11-1020 was "the legal question of whether a dog without a leash in a fenced-in dog park is 'at large' under the statute."  In granting summary judgment to the defendants, the court concluded for purposes of § 11-1020 liability that "[a] fenced-in area is an 'enclosure' in the ordinary sense of the word[,]" and that "the dog park is entirely fenced-in such that the dogs are restrained from leaving the dog park on their own accord, and therefore the dogs that play in the dog park are 'confined by an enclosure.' A.R.S. § 11-1001.  As such, dogs are not 'at large' when they are in the dog park, regardless of whether they are leashed.")  Therefore,

IT IS ORDERED that Defendants Keith and Rita Sego's Motion for Summary Judgment (Doc. 35) is granted and that Plaintiff's Cross-Motion for Summary Judgment (Doc. 41) is denied.  The Clerk of the Court shall enter judgment for the

/   /   /

- 4 -

defendants accordingly.

DATED this 8th day of August, 2016.

Paul G. Rosenblatt
United States District Judge